GAUDIN, Judge.
On February 11,1988, three-year-old Ter-rial Franklin fell in a Wal-Mart store and was injured when his head struck the bottom shelf of a shopping cart. Terrial’s mother, Patricia Franklin, subsequently filed suit in the 24th Judicial District Court. The trial judge, on February 6, 1991, found in Wal-Mart’s favor and dismissed Ms. Franklin’s demands. We affirm.
The district judge assigned these reasons for his judgment:
“This case involves a three year old child who slipped and fell at a Wal-Mart Store while he was shopping with his mother, (plaintiff). Plaintiff filed suit claiming that as a result of this fall her son hit his eye on a piece of metal protruding from a shopping cart and suffered an eye injury which required stitches. These stitches were removed one week later. The child sustained no serious injuries.
“On the day of the accident both the manager at the Wal-Mart store, and plaintiff inspected the area. Neither individual saw any liquid or other foreign substance on the floor which could have caused the child to slip and fall.
“As to the allegation that metal was protruding from the shopping cart: plaintiff never raised this issue when she was deposed nor to the manager at the time of the accident. Additionally, she presented *1347 no evidence at trial to support this allegation.
“There is no evidence in the record that indicates that defendant is, in any way, at fault.”
On appeal, Ms. Franklin argues that the trial judge erred (1) in failing to find that Terrial slipped and fell on a foreign substance on the floor and (2) in not finding that the shopping cart was dangerous because of protruding metal on the bottom shelf.
Concerning (1), even Ms. Franklin testified that she did not see any substance on the floor which could have caused her son to slip and fall.
Likewise, there is no evidence in the record of metal dangerously protruding from the shopping cart.
Appellant contends further that Wal-Mart did not exculpate itself from negligence and/or liability. Before this store defendant must exculpate itself, however, the injured party must have made out a prima facie case[1] or at least presented some meaningful testimony or evidence showing either that there was a foreign substance on the floor or that protruding metal rendered the shopping cart unreasonably dangerous. There is nothing substantial in the record indicating Wal-Mart negligence in either regard.
We cannot say that the trial judge’s findings were manifestly wrong or not supported by testimony and evidence. Ms. Franklin is to bear costs of this appeal.
AFFIRMED.

. See LSA-R.S. 9:2800.6, particularly Secs. B and C.